The opinion of the Court was delivered by
Whitner, J.
There is a single question presented in this case. Is the surety to an administrator entitled on his own motion to be relieved from future liability, when he conceives himself in danger of being injured by such suretyship ? The true answer depends on a just construction of the statute law on the subject.
The Act of Assembly of 1839, concerning the office and duties of Ordinary, 11 Stat. 43, sec. 19, is as follows: “It shall be the duty of the Ordinary in whose office an administration bond is lodged, upon a petition filed by any of the sureties to the same, who conceive themselves in danger of being injured by such suretyship, to summon the administrator before him, and to make such order or decree for the relief of the petitioner as may not impair or affect the right of the parties interested in the estate.”
*333 This section was not designed to make any change in the law then of force. The scheme of the Legislature on this subject, is manifest, and has been throughout consistent. The Act of Assembly of 1789, (5 Stat. 111,) in its 24th section, makes provision for the benefit of the surety, declaring that if he shall conceive himself in danger, he may petition the Court for relief, and directs, with a slight difference from the Act of 1839, in the phraseology, that thereupon the Court shall make such order or decree as shall be sufficient to give relief to the petitioner. In the adjudications which followed, the courts were somewhat embarrassed as to the effect of the orders made thereon. They held that the Act contemplated clearly a discharge only from future and not from past liability. Then followed the Act of Assembly of 1839, and in this 19th section, the Legislature simply undertakes to set forth plainly the duty of the Ordinary in reference to the existing law. The right of the surety was in no way abridged, and the Ordinary was advertised that in granting his order for relief, .he must have an eye to the rights of those interested in the estate.
It can scarcely be necessary to define the rules that prevail in the construction of statutes. Looking for the mind of the law-giver, the words themselves plainly declare the intention.; they are employed in no controlling technical sense; they are precise and unambiguous, and therefore to be expounded in their natural and ordinary sense. He who ■conceives himself in danger, on filing his petition shall le relieved so far as the rights of those interested in the estate may permit. These rights are not to be impaired or affected, — saving them, the surety on filing his petition may claim relief as a right secured to him by law, and such relief the Ordinary is bound to order. Much evil is apprehended from such a construction as is now given, but with deference, I think, instead of leading to embarrassment in the administration of estates its operation will be wholesome. Confidence is invited by an easy and prompt relief if it is afterwards shaken, and I am as well satisfied that *334 fidelity in the performance of tbe trnst will be likewise better secured. He who pledges his property without the prospect of gain, on the good conduct of another, yields much to the claims of friendship, or it may be to a sort of obligation which the forms of society impose, and its necessities beget. That should be a very stern necessity alone that would require a continuance of such bonds when confidence is impaired.
A. different construction of the Statute would, in my judgment, impose a new term to the contract.
The Act contemplates, it is urged, a suit, by requiring a petition and notice to the administrator as well as a decree by the Court. But this objection is fully met. Petitions are often required to this same officer in proceedings wherein, beyond dispute, no suit is thereby instituted. As the surety must move, there is propriety in requiring a definite and uniform mode of proceeding, to constitute a part of the record. The administrator is to be directly affected by the relief, which must consist of a revolution of administration, or providing other sureties, and hence the notice. But if there is matter to be enquired into touching the question in hand, what is the import of the issue raised, and by what decree is this investigation to be followed. The terms of the Act must answer. The allegation of the petition is, that the petitioner conceives himself in danger, and therefore asks relief. The reply is, no just cause for apprehension, and the judge proceeds to enquire and decide, and dismisses the petition, when the Act simply and plainly requires that thereupon he shall grant relief. The officer super-adds an enquiry, asks for proof, and not being satisfied, refuses the application, though the law directs that on filing such petition an order shall be made giving sufficient relief.
The motion to reverse the order made by the Judge on Circuit is refused.
O’Neall, Ward-law, WitkbRS, and Muhro, JJ., concurred.

Motion refused.